Huitín,, j.
delivered the opinion of the Court:
The United States recovered a judgment against Soxveri, on which a f.fa¿ issued, was levied on certain slaves and returned. Bo-wen then made his will, and thereby devised the premises in dispute to the lessor of the Plaintiff, and died. After his death, several writs of '■‘venditioni exponas were issued to compel a sale of the slaves before levied on, under one of which they were finally sold, sortie years after T. Bowen’s death, but did not satisfy the debt¿ Whereupon a newfi.fa. against the goods and chattels, lands and tenements of T. Bowen, the testator, was Sued out and levied on the lot in question, which was sold, and the Defendant purchased and entered. The question is, Was that sale a good one, so as t© pass the title to the Defendant ?
Without considering the operation of a judgment upon lands in this State, or deciding whether it binds from the time,of the Judgment, or whether lands are only bound from the teste of the execution ; but assuming the law to be either wat7, this case seems to me to be against the Defendant. if the former, and our fi* fa* is to have the Operation of the etegit, then a sei.fa. was necessary, and is the only way by which the Plaintiffs could have execu* tion of the lands.* And a sale without a sti fa. is void, so that the heir can maintain his action against him who enters under it.† On the other hand, if lands are bound in the hands of the heir by the fi. fa. as goods are by that writ in the hands of the executor, then, although they might have been sold after the death of the testator, upon a Writ tested on a day previous to his death, they cannot be sold in any other case, unless the Judgment be first revived by sci. fa-.‡ As to a sale under a venditioni expo-nas•, that stands on different grounds. That writ is not *263 jo authorise, but to compel a sale of property, previously in custodia legis* As this fi. fa. therefore issued, and bears teste lona; after T. BoiverPs death, and has no tion to a day antecedent to that event, it passed no title whatsoever, and Judgment must be entered for the Plaintiff.

 Rep. 12, 2 Saun 6 n. 1, & the authorities there cited

 Fitz N. B. 597, 598, D.

Baker v. Long, 1 Hay Rep. 1, Heapy v. Paris 6 T. Rep. 639, Bragner v. Longmead 7 T. R. 20.

 Cro Jac. 73 1 Ves. 196.